

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Julian S. Weisler
County Attorney, Washington County
Brenham, Texas

Dear Mr. Weisler:   Opinion No. O-3493

        Re: Authority of the Commissioners'
        Court to create a road district
        not conforming to the lines of
        existing commissioners' pre-
        cincts.

   This will acknowledge receipt of your letter of May 5, 1941, requesting our opinion, as follows:

   "I respectfully submit to your department the following question for an opinion:

   "'Can the commissioners' court of a county desiring to create a road district, create a road district that has boundaries which will include portions of two commissioners' precincts but not all portions of either precinct?'

   "It is proposed to have a road district which will include a certain area, the boundaries of which would not coincide with any existing 'political subdivision' of the county. That is a road district to be carved out of two commissioners precincts within a county."

   Your inquiry calls for a construction of Article 7520 of Vernon's Codification of Revised Civil Statutes, which reads as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"The County Commissioners' Courts of the several counties of this State may hereafter establish one or more road districts in their respective counties, and may or may not include within the boundaries and limits of such districts, villages, towns and municipal corporations, or any portion thereof, and may or may not include previously created road districts and political subdivisions or precincts that have voted and issued road bonds pursuant to Section 52 of Article 8, of the Constitution, by entering an order declaring such road district established and defining the boundaries thereof. Provided that nothing in this Act shall be construed so as to prevent the creation of defined road districts and the issuance of bonds of said districts in counties having outstanding county-wide road bonds, and said defined road districts may be created in such counties in the manner provided by statute for the creation of defined road districts and issuing the bonds thereof."

This Act of the 39th Legislature (1926) was passed immediately following the Supreme Court's opinion in Browning v. Hooper (U. S.) 70 Law Ed. 330, the "Archer County case", and the Act has been said to be "in compliance with the holding". (King v. Falls County, 42 S. W. (2) 481, 1 c. p. 432).

It is our construction of the statute that its broad language clothes the Commissioners' Court with power to create road districts in the county without respect whatsoever to other existing political subdivisions of the county, from which it follows that your question should be answered in the affirmative.

APPROVED MAY 14, 1941

Very truly yours

ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL

OS-MR

By

Ocie Speer
Assistant


APPROVED
OPINION
COMMITTEE
BY GKX
CHAIRMAN